```
              UNITED STATES BANKRUPTCY COURT
              MIDDLE DISTRICT OF NORTH CAROLINA
                     DURHAM DIVISION

In re:                                )
                                      )
Stephen Scott Peters,                 )
Belenda Faye Peters,                  )    Chapter 13
                                      )    Case No. 25-80018
      Debtors.                        )
_____)
```

**<u>ORDER OVERRULING TRUSTEE'S OBJECTION TO CONFIRMATION OF AMENDED CHAPTER 13 PLAN</u>**

This case came before the Court for hearing on October 16, 2025, on the Amended Chapter 13 Plan filed by Stephen Scott Peters and Belenda Faye Peters ("Debtors"), ECF No. 24, the Objection to Confirmation of Plan, ECF No. 28, filed by the standing trustee ("Trustee"), and the response filed by Debtors. ECF No. 29. Counsel for Debtors and Trustee appeared at the hearing. At the conclusion of the hearing, the Court continued the matter to October 28, 2025. At the continued hearing, the Court orally overruled the portion of Trustee's objection based on 11 U.S.C. § 1325(b)(1) and continued the matter to November 5, 2025. At the continued hearing, the parties stated that they had agreed to a

resolution of the remaining portions of the objection.  This Order effectuates and further explains the Courts oral ruling on the Trustee's objection.

**BACKGROUND**

Debtors commenced this case by filing a voluntary petition under chapter 13 on January 27, 2025.  ECF No. 1.  With their petition, Debtors filed Official Form 122C-1 statement of current monthly income.  Id. at 53-56.  Debtors calculated a yearly income of $168,474.72, which is greater than the applicable median family income.  Id. at 55.  Thus, Debtors indicated that the applicable commitment period under § 1325(b)(4) would be 5 years.  Id.  Debtors likewise filed Official Form 122C-2 calculation of disposable income.  Id. at 57-64.  Debtors calculated their monthly disposable income under § 1325(b)(2) to be $2,145.90, id. at 63, and as a result, their undisputed total disposable income over the applicable commitment period under § 1325(b)(1)(B)[1] is $128,754.00.

---

[1] Section 1325(b)(1) provides:

> If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan—
>
> (A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or
>
> (B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

11 U.S.C. § 1325(b)(1).

Debtors also filed the Plan in which they propose to pay unsecured claims in full over the life of the plan under § 1325(b)(1)(A) without interest.  Id.  Trustee objected, arguing that allowed non-priority unsecured claims should be paid in full with interest at 8.00% per annum because Debtors elected not to apply all of their monthly disposable income to the plan payment.  ECF No. 28. The parties dispute whether § 1325(b)(1)(A) requires interest on allowed non-priority unsecured claims when those claims will be paid in full over the term of the plan, but Debtors do not commit all their monthly disposable income to payments under the plan.[2]

## DISCUSSION

The purpose of chapter 13 of the Bankruptcy Code is to facilitate "a sincerely-intended repayment of pre-petition debt consistent with the debtor's available resources." In re Okoreeh-Baah, 836 F.2d 1030, 1033 (6th Cir. 1988).  To that end, chapter 13 "allows a debtor to retain his property if he proposes, and gains court confirmation of, a plan to repay his debts over a three- to five-year period." Harris v. Viegelahn, 575 U.S. 510, 514 (2015) (citing 11 U.S.C. §§ 1306(b), 1322, 1327(b)).

Section 1325(b)(1) is written in the disjunctive, meaning

---

[2] Nothing in the language in 11 U.S.C. § 1325(b)(1) distinguishes between debtors who propose to pay unsecured creditors in full while contributing their full monthly disposable income to payments under the plan until the claims are paid in full, and those who propose to pay the unsecured creditors in full over the life of the plan without contributing the totality of their disposable income on a monthly basis.

that the plan must comply with either paragraph (A) or (B), not both.  Thus, to overcome an objection to confirmation, a debtor may pay either the full amount of projected disposable income for the applicable commitment period under (B), or all allowed unsecured claims in full under (A).  Courts are split as to whether debtors opting to pay unsecured claims in full under (A) must pay interest on the unsecured claims.  See In re Gillen, 568 B.R. 74, 77 (Bankr. C.D. Ill. 2017) (collecting cases).

Chapter 13 requires payment of post-confirmation interest to holders of allowed claims in certain circumstances.  Debtors must pay post-confirmation interest to holders of allowed secured claims under § 1325(a)(5)(ii), which provides that the court shall confirm a plan if "the value, as of the effective date of the plan, of property to be distributed under the plan" on a secured claim is not less than the allowed amount of the secured claim.  See, e.g., In re Davenport, 627 B.R. 705, 727 (Bankr. D.D.C. 2020) ("the allowed secured claim being paid under a confirmed plan based on § 1325(a)(5)(B) is the allowed secured claim determined as of the effective date of the plan (here, the date of confirmation of the plan), together with postconfirmation interest assuring that the creditor receives the present value of its allowed claim").

Debtors similarly are required, under § 1325(a)(4), to pay interest to holders of allowed unsecured claims to the extent those claims hypothetically would be paid if the debtors' estates were

liquidated under chapter 7 on the effective date of the plan. See, e.g., In re Evans, No. 10-80446C-13D, 2010 WL 2976165, at *4 (Bankr. M.D.N.C. July 28, 2010). Section 1325(a)(4) provides that the court shall confirm a plan if "the value, as of the effective date of the plan, of property to be distributed under the plan" to unsecured creditors is not less than the unsecured creditors would receive in a liquidation under chapter 7. Thus, the phrase "value, as of the effective date of the plan" has been consistently interpreted to require interest in order to obtain the present value of the claim as of the effective date of the plan. In re Stewart-Harrel, 443 B.R. 219, 222 (Bankr. N.D. Ga. 2011) (collecting cases); see also 8 Collier on Bankruptcy ¶ 1325.05[2][b] (Alan N. Resnick & Henry J. Sommer eds., 16th ed) ("Collier") (observing similarity of requirement for present value under §§ 1325(a)(4) and (a)(5)).[3]

In contrast with phrasing in the hypothetical liquidation required for the best interests test under § 1325(a)(4) and the treatment of allowed secured claims under § 1325(a)(5)(ii), § 1325(b)(1) prohibits the court from confirming the plan over an objection of the trustee or an unsecured creditor unless "as of the effective date of the plan—(A) the value of the property to be

---

[3] See Powerex Corp. v. Reliant Energy Servs., Inc., 551 U.S. 224, 232 (2007) ("identical words and phrases within the same statute should normally be given the same meaning").

distributed under the plan on account of such claim is not less than the amount of such claim."  Trustee contends that the phrase "as of the effective date of the plan" in (b)(1) should be read to impose the same current value requirement imposed by §§ 1325(a)(4) and (a)(5)(ii).  Under this interpretation, Trustee contends that the placement of the phrase "as of the effective date of the plan" is not determinative of its meaning, and that the meaning of the paragraph is properly interpreted as if it were written, "the value[, as of the effective date of the plan,] of the property to be distributed under the plan on account of such claim is not less than the amount of such claim."  So written, the paragraph would impose a present value requirement when considering the value of the property to be distributed.  Debtors argue that the different placement of the phrase leads to a different result.  Under Debtors' argument, since unlike §§ 1325(a)(4) and (a)(5)(ii), the phrase "as of the effective date of the plan" immediately succeeds the phrase "the court may not approve the plan unless," rather than "value," the phrase instead refers to its last antecedent— the date on which the court is to determine whether (A) or (B) is satisfied.  The latter is the better interpretation.

The plain language of the statute and the placement of the phrase reflects an intentional distinction between the meanings of

the language by Congress.[4]  See In re Gillen, 568 B.R. at 79 ("The differing juxtaposition of the phrase 'as of the effective date of the plan' must be considered to be a purposeful placement by Congress that conveys a distinction from the similar but not identical phrasing of section 1325(a)(4) and (a)(5)(B)(ii).");[5] In

---

[4] See Russello v. United States, 464 U.S. 16, 23-24 (1983) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.") (internal citations omitted).

[5] Although this Court agrees with the observation in Gillen that the language indicates an intentional distinction by Congress, and agrees with that court's ultimate conclusion that the language does not impose a present value requirement under paragraph (A), the Court respectfully disagrees with its presumption that Congress did not intend for the phrase "as of the effective date of the plan" to apply to paragraph (B).  See 568 B.R. at 79.  The Gillen court reasoned:

> In this Court's view, if Congress had intended to require a debtor to pay interest on allowed unsecured claims under section 1325(b)(1)(A), Congress would have maintained statutory consistency by placing the phrase "as of the effective date of the plan" immediately after the word "value."  The different placement is best construed as conveying a different meaning.  Additionally, it is not at all apparent what additional meaning the phrase "as of the effective date of the plan" provides to section 1325(b)(1)(B), which makes perfect sense without that phrase and becomes confusing only when the phrase is included.  So the placement of the phrase "as of the effective date of the plan" in the prefatory portion of section 1325(b)(1) is unlikely to have been because Congress intended it to modify subparagraph (B) in addition to subparagraph (A).  A reasonable explanation for its placement is that Congress moved it outside of subparagraph (A) so that subparagraph (A) would not be misconstrued as containing a present value requirement.

Id.  If the phrase is correctly read to define when the court determines whether (A) or (B) is satisfied, the perspective of the court from the effective date applies equally to the determination whether the value of the property to be distributed under the plan equals the amount of the claim under (A) as it does to the point in time at which the court must "project" a debtor's disposable income under paragraph (B).  In fact, it is because we must read the statute to give meaning to each phrase, that the plain language dictates the result in this case.  See In re Edward, 560 B.R. 797, 799-800 (Bankr. W.D. Wash. 2016) ("Putting the phrase 'as of the effective date of the plan' before both (A) and (B) of Section 1325(b)(1) has the effect of making the phrase applicable to both subsections.").

re Moore, 635 B.R. 451, 459 (Bankr. D.S.C. 2021) (applying the last antecedent rule of statutory interpretation and determining that the phrase does not require present value) (citing In re Bateman, 515 F.3d 272, 277 (4th Cir. 2008)).[6]  As explained in Collier:

> [11 U.S.C. § 1325(b)(1)(A)] requires only payment of such claims in full, and not payment of property having a "value, as of the effective date of the plan" equal to full payment.  It does not require payment of the present value of the claim, though such payment may be independently required under the best interests of the creditors standard.  Unlike the situation where a creditor's right to immediate payment, either through liquidation of nonexempt property in chapter 7 or through enforcement of its lien, is being denied, the disposable income test is not meant to compensate for the time value of deferring payment. Although the words "as of the effective date of the plan" appear earlier in subsection 1325(b), their presence does not appear to indicate a requirement of plan payments having a present value equal to the full amount of unsecured claims.  If this had been Congress's intent Congress would presumably have used the same language as it used elsewhere to indicate a present value test, "value, as of the effective date of the plan."  Also, there is no indication in the legislative history that a present value test was intended. Moreover, if the phrase "as of the effective date of the plan" were applied to subparagraph (A) of subsection 1325(b)(1), it would also be necessary to apply it to subparagraph (B), which is grammatically illogical. It seems more likely that the words "as of the effective date of the plan" in subsection 1325(b) refer only to the timing of the court's analysis under that subsection.

---

[6] Rule of the Last Antecedent, Black's Law Dictionary (11th ed. 2019) ("[Q]ualifying words or phrases modify the words or phrases immediately preceding them and not words or phrases more remote, unless the extension is necessary from the context or the spirit of the entire writing.").

Collier ¶ 1325.11[3].[7]

Requiring interest under §§ 1325(a)(4) and (a)(5)(ii) but not § 1325(b)(1) not only is consistent with the context and language of each section but also reflects consistent bankruptcy policy. Absent chapter 13, a secured creditor through liquidation of its collateral would be paid the value of its collateral. In re Gillen, 568 B.R. at 78 (citing Collier ¶ 1325.06[3][b][iii][B]). Similarly, unsecured creditors in a chapter 7 would receive payment upon liquidation of the debtor's assets and thus, interest is necessary to ensure unsecured creditors are no worse off in chapter 13 where the recovery of value is deferred. Id. (citing Collier ¶ 1325.05[2][b]).  In contrast, unsecured creditors have no right to receive a debtor's postpetition income under chapter 7.[8]

Although chapter 13 gives creditors access to income that they would not have in a chapter 7, it does not go even further to require debtors to provide the present value of property that debtors have not yet received.  Even if Debtors applied all their monthly projected disposable income to payments under the plan, the unsecured creditors would not be paid immediately.  To require

---

[7] The import of the last sentence in Collier is that it would be illogical to apply a present value requirement when a debtor elects to commit all of the debtor's projected disposable income to payments under the plan in paragraph (B).  It is not illogical to apply the phrase in the same sense with respect to both paragraphs in the subsection, as the latter option "seems more likely" to be the correct interpretation.  Collier ¶ 1325.11[3].

[8] Debtors' post-petition earnings are not property of the chapter 7 estate. See 11 U.S.C. § 541(a)(6).

Debtors to pay interest under § 1325(b)(1)(A) would give creditors a windfall over the amounts they would receive even if Debtors were contributing all their monthly disposable income. See In re Gillen, 568 B.R. at 79 ("Where there is no forced deferral of any pre-existing payment right, there is no entitlement to interest."). Therefore, the plain language of the Code is entirely consistent with bankruptcy policy reflected in other provisions. For these reasons, § 1325(b)(1)(A) does not require payment of interest to holders of unsecured claims who will be paid the full amount of their respective claims over the plan term.

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED, and DECREED that the Trustee's Objection to Confirmation of Debtors' Amended Chapter 13 Plan is overruled.

[END OF DOCUMENT]

<u>Parties to be Served</u>
25-80018

John Paul Hughes Cournoyer
U.S. Bankruptcy Administrator                via electronic notice

Anita Jo Kinlaw Troxler
Chapter 13 Trustee                           via electronic notice

Koury Lee Hicks
Counsel for Debtors                          via electronic notice

Stephen Scott Peters
1701 Doe Run Road
Mebane, NC 27302

Belenda Faye Peters
1701 Doe Run Road
Mebane, NC 27302